UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ERIK SHANNON BROWN,<br><br>        Petitioner,<br><br>    v.<br><br>C.D.C.R.,<br><br>        Respondent. | No. CV 18-3617-JVS (PLA)<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION** |

Erik Shannon Brown ("petitioner") initiated this action on April 30, 2018, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner states in the Petition that he was convicted on July 10, 2015, in the Santa Barbara County Superior Court, after pleading nolo contendere to a violation of California Penal Code § 22210, and that he was sentenced on December 6, 2017, to "3 years for possession of [a] deadly weapon, [and] 5 years for every prison prior." (Petition at 2).[1] He states that he did not appeal his

---

[1] The Court notes that on March 27, 2018, petitioner filed a Civil Rights Complaint in Case No. CV 18-2458-JVS (PLA), in which he raised a claim pursuant to Proposition 47. (See CV 18-2458, Docket No. 1). On April 30, 2018, the District Judge issued an Order dismissing the Complaint with leave to amend, after determining that petitioner's claim, which also challenged his 2015 conviction in the Santa Barbara County Superior Court, should have been raised in a habeas action and not a civil rights action. (Id., Docket No. 8).

conviction, but that in February 2018, he filed a habeas petition challenging his sentence in the Santa Barbara County Superior Court. It appears that the superior court habeas petition is still pending. (Petition at 2-4). In the instant Petition, petitioner raises five claims seeking sentencing relief under California's Proposition 47.[2]

**A.    EXHAUSTION**

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every federal claim presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438

---

[2] Proposition 47, which took effect in California in November 2014, "reduced the penalties for certain drug and theft-related offenses and reclassified those offenses as misdemeanors rather than felonies. [Citations.] It also added section 1170.18 to the Penal Code, which allows those previously convicted of felonies that were reclassified as misdemeanors under Proposition 47, to petition the court to have their felony convictions designated as misdemeanors." People v. Zamarripa, 247 Cal.App.4th 1179, 1182-83, 202 Cal. Rptr. 3d 525 (Cal. App. 2 Dist. 2016).

(1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. Cal. Dep't of Corr., 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, petitioner states that he did not file a direct appeal, and has only filed a state habeas petition in the Santa Barbara County Superior Court. Accordingly, there is no indication that petitioner has exhausted any claim he raises in the instant Petition by presenting that claim to the California Supreme Court. The Petition is therefore subject to being dismissed without prejudice as wholly unexhausted. Greenawalt v. Stewart, 105 F.3d 1268, 1271, 1273-75 (9th Cir. 1997).

**B. CLAIMS UNDER PROPOSITION 47 ARE NOT COGNIZABLE**

A petitioner may seek federal habeas relief from a state court conviction or sentence if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219, 131 S.Ct. 859, 178 L.Ed.2d 732 (2011) (per curiam); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Matters relating solely to the interpretation and/or application of state law generally are not cognizable on federal habeas review. See, e.g., Rhoades v. Henry, 611 F.3d 1133, 1142 (9th Cir. 2010) ("violations of state law are not cognizable on federal habeas review"); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.").

Here, petitioner seeks habeas relief on the grounds that he is entitled to a reduced sentence pursuant to Proposition 47. (Petition at 5-6). Because such claims only involve the application of state law, the claims are not cognizable in this habeas action. See McKinney v. Pfeiffer, 2017 WL 1078441, at *4 (C.D. Cal. Jan. 11, 2017) ("[T]o the extent petitioner is challenging the superior court's denial of his application to reduce one of his convictions to a misdemeanor pursuant to Proposition 47, such claims are not cognizable on federal habeas review."), Report and Recommendation accepted, 2017 WL 1073340 (C.D. Cal. Mar. 21, 2017);

3

Adams v. Borders, 2016 WL 4523163, at *3 (C.D. Cal. July 29, 2016) (habeas claim pursuant to Proposition 47 not cognizable), Report and Recommendation adopted, 2016 WL 4520906 (C.D. Cal. Aug. 29, 2016).

**C.  CONCLUSION**

In light of the foregoing, **no later than May 25, 2018**, petitioner must submit to the Court a response making clear his arguments, if any, as to why the Petition should not be dismissed (1) for lack of exhaustion, and/or (2) as not cognizable. All facts relied upon by petitioner must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents. With respect to the exhaustion issue, petitioner must file proof with this Court on or before May 25, 2018, that each claim for relief set forth in the instant Petition has previously been presented to the California *Supreme* Court, by providing this Court with a complete copy of either the petition for review or state habeas petition raising each of those claims to the California Supreme Court.

Alternatively, if petitioner agrees that the Petition should be dismissed without prejudice for any of the reasons discussed above, he may file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) ("Rule 41"). Rule 41 allows for the voluntary dismissal of an action by a petitioner[3] without prejudice and without a court order before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1); Hamilton v. Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1534 (9th Cir. 1987). Respondent has

---

[3] Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." See also Hilton v. Braunskill, 481 U.S. 770, 776 & n.5 (1987) (Federal Rules of Civil Procedure may be applied to habeas petitions so long as they are not inconsistent with the Rules Governing Section 2254 Cases). The Rules Governing Section 2254 Cases do not contain a specific provision addressing voluntary dismissals. See Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993) (applying Rule 41 to a petitioner's request for voluntary dismissal of his habeas petition); Williams v. Clarke, 82 F.3d 270, 273 (8th Cir. 1996) ("a Rule 41(a)(1) voluntary dismissal is both appropriate and consistent with the rules governing habeas cases"); Woods v. Knowles, 2003 WL 21767470, at *1 (N.D. Cal. July 23, 2003). Thus, Rule 41, which otherwise governs such dismissals, is applicable to this habeas action.

not yet appeared in this action.  The Court clerk is directed to send petitioner a copy of a blank Central District form titled "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)" along with this Order to Show Cause.

**Failure to respond by May 25, 2018, will result in the Petition being summarily dismissed for the reasons set forth above, and for failure to prosecute and follow court orders.**

DATED:  May 3, 2018

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE